JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
JOSHUA F. YOUNG (CA Bar No. 232995)
(Email: jyoung@gslaw.org)
**GILBERT & SACKMAN**
**A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Fax: (323) 937-9139

RANDY RENICK (CA Bar No. 179652)
(Email: rrr@hadsellstormer.com)
CORNELIA DAI (CA Bar No. 207435)
(Email: cdai@hadsellstormer.com)
**HADSELL STORMER & RENICK, LLP**
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Fax: (626) 577-7079

Attorneys for Plaintiffs Kyndl Buzas, Raudel Covarrubias, and Daniel Runions

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYNDL BUZAS, RAUDEL COVARRUBIAS, and DANIEL RUNIONS, individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>PHILLIPS 66 COMPANY and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br><u>CLASS ACTION</u><br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>1. Failure to Authorize and Permit Rest Periods (Lab. Code §§ 226.7, IWC Wage Order 1-2001);<br>2. Failure to Furnish Accurate Wage Statements (Lab. Code. §§ 226 and 226.3)<br>3. Private Attorneys General Act (Lab. Code § 2698 *et seq.*);<br>4. Violation of the California Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*)<br><br>DEMAND FOR JURY TRIAL |

**INTRODUCTION**

1. KYNDL BUZAS, RAUDEL COVARRUBIAS, and DANIEL RUNIONS ("Named Plaintiffs") bring this action against Defendant PHILLIPS 66 COMPANY ("Phillips 66") and other as of yet unnamed Defendants, alleging unfair business practices and violations of the California Labor Code. Named Plaintiffs bring this action individually and as a proposed class action on behalf of similarly situated current and former employees who have been employed by Defendant at its oil refineries, chemical plants, and distribution facilities in Wilmington, California (the "Los Angeles Refinery"); Rodeo, California (the "San Francisco Refinery"); and Arroyo Grande, California (the "Santa Maria Refinery") (collectively, the "California Refineries").

2. Named Plaintiffs seek class-wide relief under California law for Defendant's breach of its legal obligations to authorize and permit rest periods and to furnish timely and accurate wage statements, pursuant to California Labor Code §§ 226, 226.3, 226.7, and California Industrial Welfare Commission Wage Order No. 1-2001 ("Wage Order 1-2001"), to operators at its California Refineries.

3. Named Plaintiffs, suing on behalf of themselves, the putative class members, and the general public, also seek restitution and injunctive relief under California law for Defendant's unlawful, unfair, and fraudulent business practices which have deprived its employees of their rights under California labor laws and regulations, in order to reduce its payroll costs and increase profits, in violation of applicable laws.

4. Named Plaintiffs, suing on behalf of themselves and the putative class members, also seek relief under California's Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.* ("PAGA").

**THE PARTIES**

5. Named Plaintiff Kyndl Buzas is, and at all relevant times was, a competent adult residing in Oakley, California.

6. Named Plaintiff Raudel Covarrubias is, and at all relevant times was, a competent adult residing in Wilmington, California.

7. Named Plaintiff Daniel Runions is, and at all relevant times was, a competent adult residing in Santa Maria, California.

8. Named Plaintiffs are and have been employed by Defendant Phillips 66 within the State of California and are "employees" as defined in Wage Order 1-2001. Named Plaintiffs currently are or were employed as operators at Phillips 66's California Refineries. Named Plaintiffs currently reside in the State of California.

9. Named Plaintiffs bring this action individually and on behalf of the following class of individuals (the "putative class members") (collectively, "Plaintiffs"):

> All current and former employees of Defendant Phillips 66 Company who worked as an operator at the Phillips 66 Company refineries in Los Angeles, Santa Maria, or Rodeo, California, since January 12, 2013.

10. Defendant Phillips 66 Company is a Delaware corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant Phillips 66 Company is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. Phillips 66 Company's headquarters is in Houston, Texas.

11. Defendant Phillips 66 Company owns and/or operates oil refineries, chemical plants, and distribution facilities. Phillips 66 owns and/or operates a refinery in Wilmington, California, known as the Los Angeles Refinery. Phillips 66 owns and/or operates a refinery in Rodeo, California, known as the San Francisco Refinery. Phillips 66 owns and/or operates a refinery Arroyo Grande, California, known as the Santa Maria Refinery.

12. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege Doe Defendants' true names and capacities when ascertained.

13. Plaintiffs are informed and believe and thereupon allege that, at all relevant times, Defendants and each of them, directly or indirectly, or through an agent or any other person, employed and/or exercised control over the wages, hours, and/or working conditions of Plaintiffs, and that Defendants and each of them were the joint employers of Plaintiffs and/or alter egos of each other.

14. Venue is proper based on the location of work performed by at least one Plaintiff in Contra Costa County, the location of Phillips 66's San Francisco Refinery, the performance of various contracts by Phillips 66 in Contra Costa County, as well as the location of the commission of the acts alleged herein in Contra Costa County. The relief requested is within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

15. Phillips 66 has employed Plaintiffs and putative class members as operators at its California Refineries. Because the oil refining and distribution process requires constant monitoring, operators work a continuous rotating shift during which time they are never fully relieved from duty.

16. Plaintiffs and the other operators are scheduled for and work 12-hour shifts, during which Phillips 66 uniformly requires them to remain on duty the entire shift.

17. Throughout their shifts, Phillips 66 requires Plaintiffs and the other operators to monitor the refining process, respond to upsets and critical events, and maintain the safe and stable operation of their units. In order to do so, Plaintiffs and the other operators are required to remain attentive, carry radios, and be reachable at all times during their shifts. Plaintiffs are also required to remain in contact with supervisors and other employees working in their unit throughout their shifts. As a result, Plaintiffs never receive off-duty breaks because they are constantly and continuously responsible for their units.

18. Because operators are responsible for their units throughout their shifts, with no designated rest breaks or relief, Phillips 66 does not authorize or permit Plaintiffs to take off-duty rest breaks for every four-hour work period or major fraction thereof, as required by law.

19. Phillips 66 does not have a policy or system for providing relief to Plaintiffs to allow them to take off-duty rest breaks.

20. Phillips 66 does not pay Plaintiffs an extra hour of wages for each work day during which they are not provided the off-duty rest breaks to which they are entitled under California law.

21. Phillips 66 also routinely fails to maintain complete and accurate payroll records for Plaintiffs showing, *inter alia*, the gross and net wages earned, including wages for missed rest breaks.

## CLASS ALLEGATIONS

22. Named Plaintiffs seek, on their own behalf and on behalf of the putative class members, unpaid wages owed as a result of Defendant's failure to authorize and permit rest periods as required by law, plus all other benefits and relief provided by California's labor laws and regulations based on sums withheld from them by Defendant, plus additional penalties as provided by statute. Named Plaintiffs also seek injunctive relief in the form of an order prohibiting Defendant from requiring its employees to work for work periods of more than four hours or major fraction thereof without authorizing or permitting an

off-duty rest period. Named Plaintiffs also seek restitution and disgorgement of all sums wrongfully obtained by Defendant through its unfair business practices in violation of California Business and Professions Code sections 17200 *et seq.*, to prevent Defendant from benefitting from its violations of law and/or acts of unfair competition. Such sums recovered under the Unfair Competition Law are equitable in nature and are not to be considered damages. This action is appropriate for class treatment pursuant to Fed. R. Civ. P. 23.

23. The proposed class which Named Plaintiffs seek to represent is composed of all current and former employees of Defendant Phillips 66 Company who worked as an operator at the Phillips 66 Company refineries in Los Angeles, Santa Maria, or Rodeo, California, since January 12, 2013.

24. The proposed class is estimated to include between 600 and 1,000 members. This proposed class is so numerous that joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court.

25. There is a well-defined commonality of interest in the questions of fact and law involving and affecting the putative class members to be represented by Named Plaintiffs, in that all of these employees have been harmed by Defendant's failure to provide rest periods as required by law.

26. Common questions of fact and law involved in this action include the following:
    a. Whether Defendant failed to authorize and permit Plaintiffs to take rest periods in accordance with applicable California law because it failed to relieve shift employees of all work duties;
    b. Whether Defendant failed to keep complete and accurate records of wages for missed rest periods in accordance with applicable California law;
    d. Whether Defendant maintains or has maintained common policies that failed to properly compensate Plaintiffs in accordance with applicable California law;
    e. Whether Defendant maintains or has maintained policies that adequately provide for off-duty rest periods in accordance with the requirements of applicable California law;
    f. What compensatory damages, injunctive relief, and other equitable relief Plaintiffs are entitled to receive from Defendant; and

g. Whether Defendant's policies and practices constitute unlawful or unfair business practices under California's Unfair Competition Law.

27. The claims alleged by Named Plaintiffs herein encompass the challenged practices and common courses of conduct of Defendant and are typical of those claims which could be alleged by any member of the proposed class. Named Plaintiffs' claims arise out of the alleged courses of conduct by Defendant and are based on the same legal theories as the claims of the putative class members. The legal issues as to which California laws are violated by such conduct apply equally to Named Plaintiffs and the putative class members. Further, the relief sought by Named Plaintiffs is typical of the relief which would be sought by each member of the proposed class if they were to file separate actions.

28. Named Plaintiffs are proper representatives of the proposed class because they will fairly and adequately represent and protect the interests of all putative class members and because there are no known conflicts of interest between Named Plaintiffs and any putative class members. Other current and former employees of Defendant are available to serve as class representatives if the Named Plaintiffs are found to be inadequate.

29. The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendant, and resulting in the impairment of putative class members' rights and the disposition of their interests through actions to which they are not parties. This action is manageable as a class action because, compared with other methods such as intervention or the consolidation of individual actions, a class action is fairer and more efficient.

30. Common issues predominate in that all of Plaintiffs' claims arise out of Defendant's failure to authorize or permit rest periods as required by California law. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the putative class members have little or no interest in individually controlling the prosecution of separate actions and individualized litigation would increase the delay and expense to all parties and the court system. Furthermore, it is desirable to concentrate the litigation of the claims in this Court because the practices and procedures complained of occurred within this Court's jurisdiction.

31. Finally, Named Plaintiffs have retained attorneys who are competent and experienced in

class action litigation and they intend to prosecute this action vigorously. Therefore, the interests of putative class members will be fairly and adequately protected by Named Plaintiffs and their counsel.

## **ALLEGATIONS OF NAMED PLAINTIFFS**

32. Plaintiff Kyndl Buzas works as an Operator 1 in the Bulk Department at Phillips 66's San Francisco Refinery. He has worked for Phillips 66 and/or its predecessors for approximately 38 years. He typically works 12-hour shifts on a 28-day rotating shift schedule in approximately the following rotation: 4 day shifts, 7 days off, 4 night shifts, 3 days off, 3 day shifts, 2 days off, 3 night shifts, and finally 2 days off before the cycle begins again. Phillips 66 does not provide Plaintiff Buzas with designated rest breaks during which he is relieved of duty. Instead, throughout his shift, Phillips 66 requires him to monitor the refining process, respond to upsets and critical events, and maintain the safe and stable operation of his unit. Phillips 66 requires him to remain attentive, carry a radio, and be reachable at all times during his shift. During his shift, Plaintiff Buzas is subject to interruption, and is frequently interrupted by work-related radio calls and the requirements of his job. Phillips 66 also requires Plaintiff Buzas to remain in contact with supervisors and other employees working in their unit throughout his shift. As a result, Plaintiff Buzas never receives off-duty breaks because he is constantly and continuously responsible for his unit.

33. Plaintiff Raudel Covarrubias works as a Head Operator in the Reformer -Penex- Butamer unit at Phillips 66's Los Angeles Refinery. He has worked for Phillips 66 and/or its predecessors for approximately 30 years. He typically works 12-hour shifts on a 14-day rotating shift schedule, which consists of 2 days on, 2 days off, 3 days on, 2 days off, 2 days on, and then 3 days off before the cycle repeats. Phillips 66 does not provide Plaintiff Covarrubias with designated rest breaks during which he is relieved of duty. Instead, throughout his shift, Phillips 66 requires him to monitor the refining process, respond to upsets and critical events, and maintain the safe and stable operation of his unit. Phillips 66 requires him to remain attentive, carry a radio, and be reachable at all times during his shift. During his shift, Plaintiff Covarrubias is subject to interruption, and is frequently interrupted by work-related radio calls and the requirements of his job. Phillips 66 also requires Plaintiff Covarrubias to remain in contact with supervisors and other employees working in their unit throughout his shift. As a result, Plaintiff

Covarrubias never receives off-duty breaks because he is constantly and continuously responsible for his unit.

34. Plaintiff Daniel Runions works as an Operator at Phillips 66's Santa Maria Refinery. He has worked for Phillips 66 and/or its predecessors for approximately 21 years. He typically works 12-hour shifts on a 28-day rotating shift schedule in approximately the following rotation: 4 day shifts, 7 days off, 4 night shifts, 3 days off, 3 day shifts, 2 days off, 3 night shifts, and finally 2 days off before the cycle begins again. Phillips 66 does not provide Plaintiff Runions with designated rest breaks during which he is relieved of duty. Instead, throughout his shift, Phillips 66 requires him to monitor the refining process, respond to upsets and critical events, and maintain the safe and stable operation of his unit. Phillips 66 requires him to remain attentive, carry a radio, and be reachable at all times during his shift. During his shift, Plaintiff Runions is subject to interruption, and is frequently interrupted by work-related radio calls and the requirements of his job. Phillips 66 also requires Plaintiff Runions to remain in contact with supervisors and other employees working in their unit throughout his shift. As a result, Plaintiff Runions never receives off-duty breaks because he is constantly and continuously responsible for his unit.

## **FIRST CLAIM FOR RELIEF**

FAILURE TO AUTHORIZE AND PERMIT REST PERIODS

(Lab. Code § 226.7; Wage Order 1-2001)

(By All Named Plaintiffs and the Putative Class Members Against All Defendants)

35. Named Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 34 above as if repeated here in full.

36. California Labor Code sections 226.7 and Wage Order 1-2001, subd. 12(A), require employers to authorize and permit employees to take an off-duty, uninterrupted 10-minute rest period for every four hours of work or major fraction thereof. Under both California Labor Code section 226.7 and Wage Order 1-2001 section 12(B), if an employer fails to provide an employee a rest period in accordance with applicable California law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each day in which the required rest periods were not provided.

37. Employers must authorize and permit employees to take 10 minutes in rest breaks for shifts lasting more than three and half hours and up to six hours, 20 minutes for shifts lasting more than six hours and up to 10 hours, and 30 minutes for shifts lasting more than 10 hours. *See Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1009 (2012). During the required rest periods, employers must relieve their employees of all duties and relinquish any control over how employees spend their break time, including the obligation that an employee remain on call. *Augustus v. ABM Security Services, Inc.*, No. S224853, 2016 WL 7407328, at *1 (Cal. Dec. 22, 2016).

38. Plaintiffs and the putative class members regularly worked for Defendant for periods of more than three and one-half hours and up to six hours when they were not authorized or permitted to take a 10-minute rest break, more than six hours and up to 10 hours when they were not authorized or permitted to take two 10-minute rest breaks, and more than 10 hours when they were not authorized or permitted to take three 10-minute rest breaks.

39. Defendant has a policy or practice of failing to authorize and permit Plaintiffs and putative class members to take the rest periods to which they are entitled under California law.

40. Defendant has a policy and practice of failing to pay Plaintiffs and the putative class members who were not provided with a rest period as required an additional one hour of compensation at each employee's regular rate of pay.

41. As a result of Defendant's unlawful practices, Named Plaintiffs and putative class members have sustained economic damages, including, but not limited to, unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendant's violations of the California Labor Code and Wage Order 1-2001.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## SECOND CLAIM FOR RELIEF

FAILURE TO FURNISH ACCURATE WAGE STATEMENTS

(Lab. Code § 226; Wage Order 1-2001)

(By All Named Plaintiffs and the Putative Class Members Against All Defendants)

42. Named Plaintiffs reallege and incorporate by reference paragraphs 1 through 41, above,

as though fully set forth herein.

43. Named Plaintiffs are informed and believe that, at all relevant times, Defendant has knowingly and intentionally failed to furnish Named Plaintiffs and the putative class members with complete and accurate itemized statements, as required by California Labor Code section 226(a). The wage statements, among other things, failed to accurately provide the gross or net wages earned, including the required premium wages earned for missed rest periods, as required by California Labor Code sections 226(a)(1) and (2).

44. As a result of the Defendant's conduct as alleged above, Named Plaintiffs and the putative class members are each entitled under California Labor Code section 226(e) to recover the greater of actual damages or $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period in which Defendant failed to comply with the statute, up to a maximum of $4,000 per employee.

WHEREFORE, Named Plaintiffs pray for judgment as set forth herein below.

### THIRD CLAIM FOR RELIEF

PRIVATE ATTORNEYS GENERAL ACT

(Lab. Code § 2698 *et seq*.)

(By All Named Plaintiffs and the Putative Class Members Against All Defendants)

45. Named Plaintiffs reallege and incorporate by reference paragraphs 1 through 44, above, as though fully set forth herein.

46. Each of the Named Plaintiffs is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of himself/herself and other current and former employees of Defendant pursuant to the procedures specified in California Labor Code § 2699.3, because Plaintiffs was employed by Defendant and the alleged violations of the California Labor Code were committed against Plaintiffs.

47. The California Private Attorneys General Act of 2004, Labor Code § 2698 *et seq.* ("PAGA"), provides that "[n]otwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency … for a violation of this code, may, as an alternative, be recovered through a civil action

brought by an aggrieved employee on behalf of himself or herself and other current or former employees …." Lab. Code § 2699(a).

48. Named Plaintiffs allege, on behalf of themselves and other current and former employees of Defendant, that Defendant has violated, among other statutes and regulations, California Labor Code sections 226 and 226.7 and Wage Order 1-2001.

49. Pursuant to Labor Code § 2699(a) Plaintiffs seek to recover civil penalties, as otherwise provided by statute, for which Defendant is liable as a result of the foregoing violations of the Labor Code sections in an amount to be proven at trial, including, but not limited to, penalties under Labor Code sections 226.3, 558, and 2699(f) and Wage Order 1-2001. Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

50. Named Plaintiffs are in the process of exhausting their administrative remedies as required by Labor Code section 2699.3(a). Named Plaintiffs have provided written notice to the Labor and Workforce Development Agency ("LWDA") and Defendant as to the claims alleged herein, namely, the specific provisions of the California Labor Code, among other state statutes and regulations, that Defendant is alleged to have violated, as well as the facts and theories supporting those violations. When Plaintiffs' administrative remedies are exhausted, Plaintiffs will amend the Complaint.

## FOURTH CLAIM FOR RELIEF

UNFAIR BUSINESS PRACTICE AND UNFAIR COMPETITION

(Bus. & Prof. Code § 17200 *et seq.*)

(By All Named Plaintiffs and the Putative Class Members Against All Defendants)

51. Named Plaintiffs reallege and incorporate by reference paragraphs 1 through 50, above, as though fully set forth herein.

52. This claim is brought by the Named Plaintiffs on behalf of themselves, the putative Class, and the general public, pursuant to Business and Professions Code § 17200 *et seq.*

53. The California Unfair Competition Law ("UCL"), Business and Professions Code section 17200 *et seq.*, defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL "borrows violations" from other statutes and authorizes any person who has suffered injury in fact and who has lost money or property as a result of such unfair business practices to bring an

action for relief under the statute.

54. Plaintiffs are "persons" within the meaning of Business and Professions Code § 17204, with standing to bring this suit for injunctive relief, restitution, disgorgement, and other appropriate equitable relief on behalf of all similarly-situated employees and on behalf of the general public.

55. Labor Code § 90.5(a) sets forth the public policy of this State to enforce minimum labor standards vigorously, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain a competitive advantage by failing to comply with minimum labor standards.

56. Through the conduct alleged herein, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business and Professions Code § 17200 *et seq.*, depriving Named Plaintiffs, the putative class members, and other interested persons of rights, benefits, and privileges guaranteed to all employees in California.

57. Beginning on an exact date unknown to Named Plaintiffs, but since at least the four years preceding the filing of this Complaint and up to the present, Defendant has committed acts of unfair competition proscribed by the UCL, including the acts and practices alleged herein. Defendants have engaged in unlawful and unfair business practices including, but not limited to, violations of:

    a. California Labor Code sections 226.7 (rest periods);

    b. California Labor Code section 226 (failure to furnish accurate wage statements); and

    c. Wage Order No. 1-2001 (rest periods).

58. Named Plaintiffs are informed and believe, and thereupon allege, that by engaging in the unfair and unlawful business practices alleged herein, Defendant was able to lower their labor costs and thereby obtain a competitive advantage over law-abiding employers with whom they compete, in violation of the UCL.

59. Defendant's violations of these laws serve as unlawful predicate acts that resulted in economic harm and injury in fact to Named Plaintiffs and putative class members for purposes of the UCL and the remedies provided therein. As a direct and proximate result of their unfair business practices, Defendant received and continues to hold ill-gotten gains belonging to Named Plaintiffs and

the putative class members and Defendant has profited in that amount from their unlawful practices.

60. Business and Professions Code section 17203 provides that a court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and order disgorgement of all profits gained by operation of the unfair business practices. Named Plaintiffs and the putative class members are entitled to restitution pursuant to Business and Professions Code sections 17203 and 17208 for all wages and other monies, excluding penalties provided under the California Labor Code, unlawfully withheld from them since the four years preceding the filing of this Complaint and up to the present.

61. Named Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, they sue individually and on behalf of other similarly situated employees. Named Plaintiffs therefore seek restitution of all lost wages and work benefits, plus interest, disgorgement of all profits that Defendant has enjoyed as a result of their unfair and unlawful business practices, and any other relief to which they and putative class members are entitled under the UCL.

WHEREFORE, Named Plaintiffs pray for judgment as set forth herein below.

## **PRAYER FOR RELIEF**

Plaintiffs pray for relief as follows:

1. For an order certifying the First, Second, and Fourth Claims for Relief as a class action;

2. For an order designating Named Plaintiffs as class representatives with respect to the certification of the First, Second, and Fourth Claims for Relief as a class action;

3. For an order designating Named Plaintiffs' counsel of record as class counsel with respect to the certification of the First, Second, and Fourth Claims for Relief as a class action;

4. For an award of all unpaid wages due to Named Plaintiffs and putative class members during the statutory period as defined by the Court at the time of certification;

5. For an award of one hour of pay at each employee's regular rate of pay for each work day during which they were not provided with the requisite rest periods in accordance with California law during the statutory period as defined by the Court at the time of certification;

6. For an award of damages pursuant to California Labor Code section 226(e);

12
CLASS ACTION COMPLAINT FOR DAMAGES,
RESTITUTION AND INJUNCTIVE RELIEF

7. For an award of statutory and civil penalties pursuant to California Labor Code section 2699 equal to the penalties provided in Labor Code §§ 226.3, 558, and 2699(f) and Wage Order 1-2001 and pursuant to California Business & Professions Code section 17206;

8. For an order to pay restitution to Plaintiffs and putative class members as a result of Defendant's unlawful activities, pursuant to Business and Professions Code section 17203;

9. For preliminary and permanent injunctive relief enjoining Defendant from violating the relevant provisions of the California Labor Code and the IWC Wager Orders, and from engaging in the unlawful business practices complained of herein;

10. For an award of disgorgement of profits and all other appropriate equitable relief, as authorized by California Business & Professions Code section 17203;

11. For declaratory relief;

12. For prejudgment and postjudgment interest on all sums awarded;

13. For an award of attorneys' fees and costs incurred in the filing and prosecution of this action, as provided by Labor Code sections 226(e), 226(h) and 2699, California Code of Civil Procedure section 1021.5 and any other appropriate statutes;

14. For costs of suit; and

15. For such other and further relief as the Court may deem proper and just.

Dated: January 12, 2017                    **GILBERT & SACKMAN, A Law Corporation**

By: __/s/ Joshua F. Young_____
Joshua F. Young
Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Named Plaintiffs Kyndl Buzas, Raudel Covarrubias, and Daniel Runions, individually and on behalf of all similarly situated current and former employees of Defendant, hereby request a jury trial on all claims so triable.

Dated: January 12, 2017

Respectfully submitted,

**GILBERT & SACKMAN**
A Law Corporation


By: __/s/ Joshua F. Young_____
Joshua F. Young
Attorneys for Plaintiffs